**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0441n.06

**No. 10-1816**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 25, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RODNEY JORDAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM |
| v. | ) | A DECISION OF THE |
| | ) | UNITED STATES TAX COURT |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.

PER CURIAM. In this consolidated appeal, petitioner Rodney Jordan challenges two decisions of the Tax Court assessing deficiencies in Jordan's income taxes as reported for the taxable years 1988, 1991, 1994, 1995, 1996, as well as the resulting assessment of penalties. In a meticulous and detailed opinion, the Tax Court addressed each of the arguments put forward by Jordan in his effort to refute the Commissioner's calculations. The Tax Court properly recognized that those calculations had to be supported by a "minimal evidentiary foundation" in order for the presumption of correctness to attach, thereby requiring the taxpayer to satisfy the "burden of producing credible evidence that [he] did not earn the taxable income attributed to [him] or of presenting an argument that the IRS deficiency calculations were *not* grounded on a minimal evidentiary foundation."

*United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990) (emphasis added). We agree

with the Tax Court's conclusion that Jordan was unable to satisfy this burden.

After a careful review of the record and the briefing of the 13 issues raised by

Jordan on appeal, we are not persuaded that the Tax Court erred in the computation of

assessments and penalties set out in its orders of March 23, 2010. Because the reasons

why judgment should be entered for the Commissioner have been fully articulated by the

Tax Court in its lengthy opinion of September 29, 2009, we conclude that the issuance of

a detailed opinion by this court would be duplicative and would serve no useful purpose.

However, we do take note that the Tax Court's September 29 opinion contains a

typographical error in the analysis of Jordan's profit-sharing-plan withdrawals in 1992:

> If we were to agree with respondent's characterization, we might conclude
> that in 1992 petitioner voluntarily repaid $140,000 of the $150,000 "wages"
> and consequently had taxable income of $10,000. Alternatively, and
> perhaps more plausibly, viewing the withdrawals as wrongful conversions, we
> similarly conclude that in *1991* petitioner made restitution of $140,000,
> leaving $10,000 of taxable income.

*Jordan v. Comm'r.*, 98 T.C.M. (CCH) 289, at *5 (2009) (emphasis added) (citations

omitted). Because the context of the Tax Court's discussion establishes clearly that "1991"

should instead read "1992," we reject Jordan's argument, raised for the first time on

appeal, that he was entitled to a credit of $140,000 against his adjusted income for 1991.

Regardless of the typographical error, the Tax Court correctly identified that the return of

funds took place in 1992 and determined that this restitution affected the amount of Jordan's reported income in that year.

Accordingly, we AFFIRM the Tax Court's orders entered on March 23, 2010, in docket numbers 2555-00 and 12938-01, based upon the findings of fact and reasoning set out by that court in its opinion dated September 29, 2009.